Francis J. DeFontes v. Commissioner.
De Fontes v. Commissioner
Docket No. 5932-66.
United States Tax Court
T.C. Memo 1968-84; 1968 Tax Ct. Memo LEXIS 216; 27 T.C.M. (CCH) 401; T.C.M. (RIA) 68084; May 7, 1968. Filed Francis J. DeFontes, pro se, 2019 N St. N. W., Washington, D. C. William Morris, for the respondent. KERN
Memorandum Findings of Fact and Opinion KERN, Judge: Respondent determined a deficiency in the income tax liability of petitioner for the year 1965 in the amount of $341.00. After reciting the receipt of the notice of this deficiency the petition contains the following allegation and no other: The Respondent is in error. I have forwarded to the Respondent such forms as are required and other information which he has requested. That the Respondent fails to understand, *217 I have returned a satisfactory Income tax statement. A copy of the notice of deficiency was attached to the petition but "the enclosed statement [showing] the computation of the deficiency" was not attached to the petition. Respondent's answer alleged that the deficiency in petitioner's income tax for 1965 as determined in the statutory notice referred to in the petition was based on respondent's adjustments explained as flows: (1) Unallowable medical expenses - $2,230.05. The petitioner in his income tax return for the taxable year 1965 claimed a deduction for medical expenses incurred while 402 a patient at St. Elizabeths Hospital, Washington, D.C. Petitioner has not substantiated the payment of the claimed deduction or that any amount was paid by him for the purposes claimed, as required under the provisions of Section 213 of the Internal Revenue Code of 1954 and the regulations thereunder. Petitioner filed no reply to this answer. At the trial of this case the parties filed herein a stipulation of facts reading as follows: The petitioner is an individual who presently resides at, and who at the time of filing of the petition in this case resided *218 at, 2019 N Street, N. W., Washington, D.C. He filed his income tax return for the taxable year 1965 with the District Director of Internal Revenue, Baltimore, Maryland. A copy of the aforesaid return is attached hereto and made a part hereof as Exhibit 1-A. The income tax return attached to the stipulation as Exhibit 1-A was signed by petitioner. It reported the receipt of income in the total amount of $3,110.43 and the deduction of $33.00 on account of general sales taxes paid and the deduction of $2,136.74 on account of medical expenses in the amount of $2,230.05. Form 2948 attached to the return contained the following printed instruction: "Itemize below amounts paid for medical and dental expenses in 1965; show amount and to whom paid." Immediately under this instruction the petitioner wrote as follows: The hospital bill was not itemized and therefore I cannot itemize the information you request. The bill was paid to Saint Elizabeths Hospital, Washington, D.C.
At the trial herein petitioner offered no evidence but made the following statement: I base my claim on the fact that I submitted an income tax return of the year 1964 where I specifically stated what my deductions *219 were going to be for the year 1965. This I carried over to the year 1965, and the Internal Revenue Service will not permit it. I claim that the Internal Revenue Service in 1964 should have stopped the '64 claim, and they did not. Therefore, the '65 law comes ex posto facto, and I am eligible to reecive my dollars. Respondent introduced into evidence four exhibits constituting copies of public documents showing that petitioner was received in Saint Elizabeths Hospital pursuant to a commitment by the United States District Court on August 4, 1961; that in September 1964 he was discharged from the Hospital as having recovered his reason and being of sound mind and was restored by the court to his former status as a person of sound mind; that during the period 1962 through October 12, 1964, payments were made to the Hospital on account of his care and treatment there; and that no such payments were made on his behalf by any court appointed committee after October, 1964. Petitioner moved to strike these exhibits from the record as being "superfluous information" and "not relative." This motion was taken under advisement and is now denied. Petitioner's argument is stated in his brief *220 as follows: On my tax form of 1964, I stated what I was doing relative to my medical expenses. There was no question by the Internal Revenue Service as to the legability [sic] of this action. My tax form 1965, I carried forward the 1964 deduction, and so noted it on the tax form 1965. I contend that I have acted in good faith and have submitted proper and honest tax forms. Council for the Internal Revenue Service has offered much information to the Court the reliability of which is not in question but its relativeness to this trial is nebulous. Specifically, the only information which should be placed in evidence are the income tax forms, 1964, 1965. I further contend that the whole of this trial are ex post facto The deduction of medical expenses is provided for by section 213(a) of the Internal Revenue Code of 1954 set out in the margin. [1] It is plain from the statute that Congress intended that a medical expense, in order to be deducted, must be 403 "paid during the taxable year." The taxpayer has the burden of proving that he is entitled to the deduction disallowed by the respondent. In the instant case the petitioner has introduced no evidence *221 which would indicate any payment of medical expenses by him or on his behalf during the taxable year. Accordingly, Decision will be entered for the respondent. Footnotes
1. SEC. 213. MEDICAL, DENTAL, ETC., EXPENSES. (a) Allowance of Deduction. - There shall be allowed as a deduction the following amounts, not compensated for by insurance or otherwise - (1) the amount by which the amount of the expenses paid during the taxable year (reduced by any amount deductible under paragraph (2)) for medical care of the taxpayer, his spouse, and dependents (as defined in section 152) exceeds 3 percent of the adjusted gross income, and (2) an amount (not in excess of $150) equal to one-half of the expenses paid during the taxable year for insurance which constitutes medical care for the taxpayer, his spouse, and dependents.↩